UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELISSA ANN SHERLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11703-JGD |
| VINCENT STANCATO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTIONS
## TO APPOINT COUNSEL AND FOR AN EXTENSION

This matter is before the court on the plaintiff's motion to appoint counsel (Docket No. 15) and on the plaintiff's motion for an extension or stay of the action pending her efforts to locate private counsel (Docket No. 16). For the reasons that follow, the plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE to reconsideration following a ruling on the defendant's pending motion to dismiss. The motion for an extension or a stay is ALLOWED IN PART and DENIED IN PART. The plaintiff shall have until **April 19, 2011** to file any supplemental response to the motion to dismiss. However, the motion is otherwise denied.

First, with respect to the plaintiff's motion to appoint counsel, the court has authority to appoint counsel *pro bono* pursuant to 28 U.S.C. § 1915(e)(1). Specifically, Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, that provision is discretionary. "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949

F.2d 15, 23 (1st Cir. 1991).

In order to qualify for an appointment of counsel, the requesting party "must demonstrate that [s]he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [would be] likely to result in fundamental unfairness impinging on [her] due process rights." Id. "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.

In the instant case, the plaintiff has not made the showing necessary to support the appointment of *pro bono* counsel at this time. As an initial matter, there is nothing in the plaintiff's motion or in the record to date indicating that she is indigent. In particular, the plaintiff has not represented that she is unable to afford private counsel, and she has not provided any financial information showing that she qualifies for the appointment of *pro bono* counsel under this Court's *Pro Bono* Plan.

Moreover, even if the plaintiff could demonstrate that she is indigent, she has not established that there are exceptional circumstances warranting the appointment of *pro bono* counsel at this point in the litigation. The pending motion to dismiss does not present novel or complex issues of fact or law, and it does not appear that the plaintiff is wholly unfamiliar with the legal process. Moreover, by her filings to date, the plaintiff has demonstrated that she is proficient in the English language. Thus, this court can find no legitimate basis for appointing *pro bono* counsel for the plaintiff at this juncture.

Accordingly, the plaintiff's motion to appoint counsel (Docket No. 15) is denied without prejudice to reconsideration following this court's ruling on the defendant's pending motion to dismiss.

With respect to the plaintiff's motion for an extension or stay (Docket No. 16), the motion is allowed in part and denied in part. This court declines to further delay resolution of this matter while the plaintiff attempts to find counsel. Nevertheless, the plaintiff may have an additional two weeks, until **April 19, 2011**, to submit any supplemental response to the defendant's motion to dismiss.

                                       / s / Judith Gail Dein  
                                       Judith Gail Dein  
                                       United States Magistrate Judge

Dated: April 7, 2011