UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELISSA ANN SHERLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11703-JGD |
| VINCENT STANCATO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND
ORDER ON DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PROSECUTION**

February 4, 2014

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the defendant's motion to dismiss with prejudice for lack of prosecution, which was brought by the defendant in open court following the plaintiff's failure to appear at the Final Pretrial Conference.  The plaintiff's failure to attend the Conference not only violates an explicit order of this court, but also threatens to derail the final resolution of this case, which has been delayed substantially in order to accommodate the plaintiff's requests for counsel and her difficulties in carrying out the prosecution of the litigation.  Indeed, the plaintiff has indicated that unless she obtains a continuance, she will not appear at the trial of this matter, which is scheduled to begin with jury selection on Monday, February 10, 2014.   Under the circumstances, this court finds that it is left with little choice but to dismiss the case in order to prevent further

undue delay and the possible harassment of the defendant. Because the plaintiff has had ample opportunity to pursue her claims on the merits over the course of the more than three years that this case has been pending in this court, the dismissal will be with prejudice. Accordingly, and for all of the reasons described below, the defendant's motion to dismiss with prejudice is hereby ALLOWED.

## II. BACKGROUND

This action arises out of the March 1, 2007 arrest of the plaintiff, Melissa Ann Sherlock ("Sherlock"), by the defendant, Boston police officer Vincent Stancato ("Stancato"). Sherlock alleges that Stancato lacked probable cause for the arrest and that he otherwise violated her rights by using excessive force against her and failing to return property that was collected from her at the police station. By her complaint, Sherlock has asserted claims against the defendant under 42 U.S.C. § 1983, as well as under state law.

Sherlock filed her original complaint in state court on February 26, 2010, and on October 5, 2010, the defendant removed the matter to this court pursuant to 28 U.S.C. § 1441. (See Docket No. 1; Docket No. 10 at 1). At the time the case was removed, the plaintiff was proceeding pro se. However, following the defendant's filing of a motion to dismiss on December 17, 2010, the plaintiff filed a motion for the appointment of counsel. (Docket No. 15). She also filed a motion for an extension of time or a stay of the action pending her efforts to obtain private counsel. (Docket No. 16). In support of her motions, the plaintiff explained that she was not prepared to proceed with the case because she did not feel that she was capable of continuing to represent herself. (See

Docket Nos. 15 & 16).  On April 7, 2011, this court denied the motion for appointment of counsel without prejudice to reconsideration following a ruling on the defendant's motion to dismiss, but allowed in part and denied in part the plaintiff's motion for an extension or stay.  (Docket No. 18).  Specifically, while this court declined to delay proceedings pending the plaintiff's attempt to find counsel, it allowed the plaintiff additional time, until April 19, 2011, to submit a response to the motion to dismiss.  (Id.).  On April 22, 2011, following the plaintiff's timely filing of an opposition, this court issued a decision in which it allowed in part and denied in part the defendant's motion.  (Docket Nos. 19 & 20).  Accordingly, by the spring of 2011, the matter was ripe for discovery.

### Appointment of Sherlock's First Counsel

On May 17, 2011, the parties appeared at a status conference before the court, and Sherlock renewed her motion to appoint counsel.  This time the court determined that Sherlock had established both that she was indigent and that exceptional circumstances existed, which warranted the appointment of counsel.  Accordingly, this court allowed Sherlock's motion and on September 27, 2011, after several months of seeking pro bono counsel, this court appointed attorneys from the Boston law firm of Sherin & Lodgen LLP to represent Sherlock in this case.  (Docket No. 22).

Following the appointment of counsel, this court set a schedule for the completion of fact discovery, which called for the parties to complete their initial disclosures by October 31, 2011, to file any motions to join additional parties or to amend the pleadings by January 27, 2012, and to complete fact discovery by July 13, 2012.  (See Docket No.

31).  However, on November 16, 2011, counsel from Sherin & Lodgen filed a motion to withdraw their representation of Sherlock on the grounds that they had been discharged by the plaintiff.  (Docket No. 36).  Because it was clear that Sherlock was unwilling to work with Sherin & Lodgen, this court allowed the motion.  Consequently, within less than two months following this court's appointment of pro bono counsel, and over a year after the case had been removed from state court, Sherlock was again without counsel and little progress had been made in the case.

### Appointment of Sherlock's Second Counsel

On December 5, 2011, Sherlock filed a new motion for the appointment of counsel, which was allowed by this court on December 15, 2011. (Docket No. 38; Electronic Order dated 12/15/2011).  This time it took nearly six months to obtain pro bono counsel.  Thus, on June 11, 2012, this court was finally able to appoint counsel from the law firm of Nutter McClennan & Fish LLP to represent Sherlock in this action. (Docket No. 40).

Following the appointment, this court ordered the parties to appear for a conference in order to address the status of the case.  However, prior to the date of the conference, Sherlock's new attorneys informed the court that they had not been able to contact the plaintiff despite diligent efforts to reach her by telephone, mail and email. (Docket No. 43).  Accordingly, the status conference, which had been scheduled for July 18, 2012, had to be continued, and discovery again was delayed.

Sherlock's newly appointed lawyers remained unable to reach her and on August 7, 2012, they moved to withdraw as her counsel. (Docket Nos. 44 & 45). One day later, on August 8, 2012, Stancato filed a motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). In support of his motion, the defendant argued that the plaintiff had failed to prosecute her lawsuit since November 2011, when she discharged her original attorneys, and that her failure to communicate with her new counsel had stalled the litigation for an indefinite period of time. (See Docket Nos. 47 & 48). On August 14, 2012, this court allowed the motions of Sherlocks' counsel to withdraw, thereby terminating their representation of the plaintiff. (Docket No. 51). However, on August 28, 2012, before the court had ruled on the defendant's motion to dismiss for lack of prosecution, the court received a letter from Sherlock asking about the status of her case. (Docket No. 52). Significantly, in her letter, Sherlock explained that she was in a mental health facility and had not been able to check her mail. (Id.). Because this court determined that Sherlock's explanation for her failure to communicate was reasonable, it denied the defendant's motion to dismiss without prejudice and allowed the plaintiff to proceed with her case. In addition, counsel from Nutter McClennan & Fish agreed to resume their representation of the plaintiff, and filed new appearances with the court. (See Docket Nos. 54 & 55). Accordingly, by mid-October 2012, approximately two years after the case was removed to this court, counsel for the parties were finally able to proceed with discovery and to move the case forward.

**Sherlock's Failure to Appear at the Final Pretrial Conference**

Thereafter, the case proceeded without incident and on November 5, 2013, this court issued an order setting the case for trial. (Docket No. 93). Therein, the court ordered the parties to file any motions in limine by January 10, 2014, and to appear for a Final Pretrial Conference on January 31, 2014. (Id.). In addition, the court scheduled the case for trial beginning with jury empanelment on February 10, 2014. (Id.). Accordingly, by the end of 2013, after pending for more than three years on this court's docket, the matter appeared to be nearing resolution.

The parties engaged in significant efforts to prepare the case for trial. For example, but without limitation, by late January 2014, counsel for the parties had filed nine separate motions in limine, as well as trial briefs containing such materials as proposed instructions and voir dire for the jury, and a joint pretrial memorandum that included, among other things, the parties' remaining objections to evidence identified in the parties' pretrial disclosures. (See Docket Nos. 98-131). In addition, counsel were preparing to argue the motions in limine and to address all outstanding pretrial issues during the Final Pretrial Conference to be held on January 31, 2014. Then on January 29, 2014, just two days before the Conference and less than two weeks prior to the commencement of trial, this court received a letter from Sherlock's lead counsel informing the court that he had last spoken to the plaintiff in mid-December 2013, and that neither he nor his colleagues had been able to reach their client since January 6, 2014. (See Docket No. 135 (sealed)). As a result of counsel's letter, this court cancelled the

Final Pretrial Conference and ordered the parties to appear for a status conference instead. (Docket No. 132).

On January 31, 2014, counsel for both parties appeared at the status conference, and Sherlock's counsel reported that he had been able to make contact with the plaintiff. According to counsel, Sherlock informed him that she wished to proceed with her case, but that she was experiencing some emotional issues and wanted to obtain a continuance of the trial date. Counsel further emphasized that the plaintiff had promised to attend the trial even if the court declined to continue it, and to assist in the preparation of her case. In light of the status of the case, the significant delays that had already occurred, and the prejudice to the defendant if the case were further delayed, this court denied the plaintiff's request for a continuance. Moreover, in order to ensure that Sherlock remained committed to the prosecution of her case, this court ordered that Sherlock attend the Final Pretrial Conference, which was rescheduled to February 3, 2014, and explicitly warned that the plaintiff's "[f]ailure to appear may result in dismissal of this case for lack of prosecution." (Docket No. 133).

Sherlock did not appear at the Final Pretrial Conference on February 3, 2014. As her counsel explained, after failing to reach the plaintiff by telephone on the morning of the Conference, he drove to Sherlock's residence and offered to drive her to the courthouse. The plaintiff refused to leave her home, even when counsel emphasized that her case was likely to be dismissed. She also asserted that she was not prepared to attend the trial in the absence of a continuance. Given Sherlock's conduct on the morning of the

Final Pretrial Conference, her failure to maintain contact with her attorneys over the course of the last month, her failure to comply with a specific order to appear in court on February 3, and the history of delays in the prosecution of this litigation in order to accommodate Sherlock's needs, this court concludes that Sherlock does not intend to appear at the scheduled trial on February 10, 2014. It would be a waste of judicial resources to have the court prepare for trial and impanel a jury only to have the plaintiff refuse to participate in the trial. Similarly, it would be an undue burden on counsel to require them to continue their trial preparations. Finally, this court also finds that any further delay in the disposition of this case would be unfair to the defendant, who has had claims pending against him for over three years in federal court and nearly four years in total.

### III. DISCUSSION

The defendant has moved to dismiss this matter with prejudice for failure to prosecute. "Under Fed. R. Civ. P. 41(b) as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution." Medeiros v. United States, 621 F.2d 468, 470 (1st Cir. 1980). As Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Additionally, under its inherent power, "[a] district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution[.]"

Medeiros, 621 F.2d at 470.  See also Kick Ass Pictures, Inc. v. Does 1-25, 939 F. Supp. 2d 62, 63 (D. Mass. 2013) (describing district court's inherent power to dismiss a case, *sua sponte*, for lack of prosecution as part of its authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases" (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  Such authority "is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Medeiros, 621 F. 2d at 470 (quotation and citation omitted).

In evaluating the defendant's motion, this court recognizes that "[d]ismissal with prejudice is a harsh sanction, which runs counter to [the federal courts'] strong policy favoring the disposition of cases on the merits." Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990) (quotations and citations omitted).  Consequently, "such an option should be employed only when a plaintiff's misconduct has been extreme." Id.  As the First Circuit has explained,

> [a] finding of extreme misconduct is warranted in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.

Id. at 648 (quotations, citations and punctuation omitted).

This court concludes that such a finding is warranted in the present case.  As described in detail above, this court made significant efforts to obtain pro bono counsel

for the plaintiff on two separate occasions, a process that caused extensive delays for both the court and the defendant. This court also gave Sherlock leeway to pursue her case following a period in which she was out of contact with the court and her attorneys were unable to find her. As a result, this case has required an unusual amount of the court's time and resources, and has remained on the docket far longer than a case of this kind ordinarily would remain open. In addition, counsel for both parties have devoted extensive time and resources toward preparing this case for the Final Pretrial Conference and for trial. In light of these circumstances, this court views the plaintiff's recent failure to communicate with her lawyers, and her intentional violation of this court's order that she appear at the Final Pretrial Conference or risk dismissal, as the type of extreme misconduct that warrants dismissal of a case with prejudice. See Figueroa Ruiz, 896 F. 2d at 649 (upholding district court's dismissal of case, pursuant to Rule 41(b), where plaintiffs "were guilty not only of simple delay but of disobedience of a court order as well"); Medeiros, 621 F.2d at 470-71 (upholding district court's dismissal of case for lack of prosecution where plaintiff's counsel was not prepared for trial despite a prior continuance and a warning from the court to be ready to proceed on the scheduled trial date). This court also finds that such a harsh sanction is necessary to prevent further undue delay in the resolution of this case, docket congestion and harassment of the defendant. In any event, the plaintiff has given every indication that any further efforts to accommodate her likely would prove futile. For this reason as well, this court finds that the case must be dismissed with prejudice.

## ORDER

For all the reasons detailed herein, the defendant's motion to dismiss for lack of prosecution is ALLOWED, and the case is hereby DISMISSED WITH PREJUDICE.

                                        / s / Judith Gail Dein
                                        Judith Gail Dein
                                        U.S. Magistrate Judge